UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CIVIL ACTION NO.  2:23-cv-288
Fort Myers Division

CAROL SOBROWER,

       Plaintiff,　　　　　　　　　　　　　　　INJUNCTIVE RELIEF SOUGHT

vs.

OAK HOLLOW PROPERTY
OWNERS' ASS'N, INC.,

       Defendant.
_____/

## COMPLAINT

Plaintiff, CAROL SOBROWER (hereinafter "Plaintiff") through the undersigned counsel, hereby files this Complaint and sues OAK HOLLOW PROPERTY OWNERS' ASS'N, INC. (hereinafter, referred to as "the Defendant" or "Association"), for declaratory and injunctive relief, attorney fees, expenses, damages including punitive damages and costs (including, but not limited to court costs and expert fees) pursuant to the Fair Housing Act, as Amended U.S.C. § 3601, et seq., §§ 3604(f) and 3613 (hereinafter referred to as "The Act") for the Defendant's improper and illegal denial of her request for a reasonable accommodation permitting her to build a fence to allow her Emotional Support Animal(s) ("ESA") to access her yard independently when her disability prevents her from accompanying her ESA that reside at the subject property, and for statutory damages pursuant to Sections 760.23(8) and (9)(b), Florida Statutes aka the Florida Fair Housing Act.

1

**JURISDICTION AND VENUE**

1. This Honorable Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §343 for Plaintiff's claims arising under the Fair Housing Act, 42 U.S.C. § 3613, as this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601, et seq., §§ 3604(f)1 and 3613(a); and the Declaratory Judgment Act, 28 U.S.C. § 2201. The Defendant is a private corporation which operates/manages the areas of East and West Corktree circles, Tappan Zee, Quesada, The Woodlands, and Shadowmoss aka Oak Hollow, a community governed by 42 U.S.C. § 3601, 3604(f)1, et seq., § 3613. Plaintiff seeks actual and punitive damages along with reasonable attorney's fees and costs pursuant to 42 U.S.C. § 3613.

2. Plaintiff seeks declaratory, injunctive and monetary relief against the Defendants pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Plaintiff seeks statutory damages pursuant to FLA. STAT. § 760.23(8) and (9)(b).

4. Venue is proper in this Court, the Middle District of Florida, pursuant to 28 U.S.C. §1391(b) in that all the events giving rise to the lawsuit occurred in Port Charlotte, Florida.

**PARTIES**

4. Plaintiff, CAROL SOBROWER is sui juris and is a resident of the State of Florida residing in Port Charlotte, Florida. Plaintiff is entitled to relief under the Fair Housing Act as a person with a qualified disability which limits the following major life activities including but not limited to: walking, balancing, standing which also forces Plaintiff to experience prolonged periods of bed rest.

5. At all relevant time periods, the Social Security Administration has determined that the Plaintiff is permanently disabled.

6. Defendant is a private corporation which is an association for the housing community governed by the Fair Housing Act.

## STATUTORY AND REGULATORY FRAMEWORK

7. Congress created the Fair Housing Act, 42 U.S.C. § 3601 et seq., as amended in 1988, to ensure that individuals are not discriminated against on the basis of, among other things, handicap or disabled status in the sale or rental of housing. Discrimination can include denial of the sale or rental of a property based on a person's disability. Maintaining policies which exclude and effectively deny disabled persons of equal access to residential lease or purchase based on the applicant/ resident's disability. Defendant as a property owners association which exercises control over and restricts Plaintiff's ability to use and enjoy her home is subject to the Fair Housing Act and are required to comply with the Fair Housing Act.

8. When enacting the ADA in 1990, Congress found, among other things, that:

> (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
> (ii) historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
> (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
> (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices, exclusionary qualification

   standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and

   (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non- productivity.

   42 U.S.C. §12101(a)(1)-(3), (5) and (9).

9. Multiple Sclerosis a widespread disability with approximately one million people diagnosed with the disease in the United States[1]. According to the MS Foundation, symptoms can affect the mind, body, and senses in several ways, including: blurred or double vision, or total vision loss, hearing impairment, reduced sense of taste and smell, numbness, tingling, or burning in the limbs, loss of short-term memory, depression or personality changes, headaches, changes in speech, facial pain, Bell's palsy, muscle spasms, difficulty swallowing, dizziness, loss of balance, or vertigo, incontinence or constipation, weakness and fatigue, and tremors or seizures,[2]

10. Plaintiff's condition has progressed from relapsing-remitting multiple sclerosis (RRMS) to secondary progressive multiple sclerosis (SPMS) which progressively worsens over time with no remission periods. She experiences difficulty ambulating due to her symptoms and many times is required to rest in bed for days at a time.

## FACTS

11. At all relevant times, Plaintiff lives with a qualified disability that when exacerbated impairs her ability to stand, walk or ambulate.

12. In or around 1993/1994, Plaintiff was first diagnosed with Multiple Sclerosis.

---

[1] https://www.atlasofms.org/map/global/epidemiology/number-of-people-with-ms
[2] https://msfocus.org/Get-Educated/Symptoms-of-MS.aspx

13. Multiple sclerosis (MS) is a long-lasting (chronic) disease of the central nervous system. MS is an autoimmune disorder in which the body attacks itself.[3] Multiple sclerosis (MS) is a potentially disabling disease of the brain and spinal cord (central nervous system).

14. "Signs and symptoms of MS vary widely between patients and depend on the location and severity of nerve fiber damage in the central nervous system. Some people with severe MS may lose the ability to walk independently or ambulate at all.[4]"

15. Plaintiff was determined permanently disabled since approximately 2010 due to the progression of the disease.

16. Due to the substantial limitation of major life activities and prolonged required bedrest, Plaintiff's disability results in isolation and has a detrimental effect on her emotional and mental well being.

17. Under the advice of her physician, Plaintiff obtained Emotional Support Animal(s) "ESA" to provide comfort to her conditions.

18. As her condition worsened, she realized she needed a reasonable accommodation to allow her service animals ESAs to access her yard without her assistance due to the excruciating and debilitating nature of her worsened conditions.

19. Unfortunately, and as more fully described herein, the Association denied her requests despite receiving sufficient documentation of the legal basis for granting the same.

20. Beginning in 2015 she submitted letters from her physician to the Association which advised of the medical need for the reasonable accommodation. A true and correct copy of the first physician letter ("Physician Letter #1") is attached hereto as *Exhibit 1*.

---

[3] See, https://www.cedars-sinai.org/health-library/diseases-and-conditions/m/multiple-sclerosis-ms.html and https://www.hopkinsmedicine.org/health/conditions-and-diseases/multiple-sclerosis-ms
[4] See, https://www.mayoclinic.org/diseases-conditions/multiple-sclerosis/symptoms-causes/syc-20350269

21. She again resubmitted a renewed letter from her physician in 2021 ("Physician Letter #2"), a true and correct copy of which is attached hereto as *Exhibit 2*.

22. As indicated in both letters, Plaintiff has a decreased ability to ambulate as a result of an ataxic gait, a condition of MS. The physician further advised that it was unsafe for Plaintiff to continue to walk her dogs because her condition was causing her to fall when doing so and that it was essential and medically necessary for her dogs to roam in an enclosed area without her assistance. See *Exhibit 1* and *Exhibit 2*.

23. Due to the Association's illegal denial of her request for a reasonable accommodation, Accordingly, Plaintiff sought relief from the Florida Commission on Human Relations ("Commission") where she prevailed in obtaining a Determination of Cause for discrimination by the Association due to the illegal denials of her requests for a reasonable accommodation.

24. Thereafter she attempted to request compliance by the Association with the Commission's Determination of Cause.

25. Plaintiff sought the assistance of undersigned counsel due to the effective denial of her request for compliance when the Association ignored her repeated attempts and has to date failed to communicate with her about correcting the violations and ceasing the discrimination. Under the advice of counsel, Plaintiff attempted once more to request compliance with the FHA and Florida Fair Housing Act by the Association to avoid the stress a potential loss would cause her and the expense the litigation would cause the Oak Hollow community.

26. Shockingly, despite the Determination of Cause by the Florida Commission on Human

    Relations and Plaintiff's attempts to resolve the matter without litigation thereafter, Defendant ignored all her attempts to do so.

27. Her last attempt to schedule a meeting with the Association to discuss the matter was denied on September 22, 2022. A failure to grant a reasonable accommodation within a reasonable time equates to a denial under governing federal and Florida law. Under the FHAA, the denial of an accommodation "can be both actual or constructive, as an indeterminate delay has the same effect as an outright denial." *U.S. v. Hialeah Housing Authority*, 418 Fed. App'x 872 (11th Cir. 2011).

28. Ironically, other residents are permitted to have fences if they are located on water or adjacent to a four lane highway - which is an exception to Oak Hollow's rules and regulations.

29. To add insult to injury, there are also various homes in Oak Hollow that do not fall under the above mentioned criteria which also have chain link fences and/or wood fences. Both scenarios are examples of selective enforcement by the Association and furthermore of discrimination against Plaintiff.

30. Clearly the request does not cause an undue burden to the Association who incurs no costs and has a history of granting the requests for the same relief to other residents. Plaintiff who has been repeatedly denied her request for reasonable accommodation, a simple chain linked fence.

31. Unfortunately, Plaintiff has been forced to file this lawsuit due to the Association's continued discrimination and complete disregard for her safety and well being.

32. As a result of Defendants' violations of The Fair Housing Act, Plaintiff has suffered pain,

emotional distress, and costs associated with seeking to resolve the matter prior to seeking Court intervention.

33. To make matters worse, the Association has retaliated against Plaintiff with regards to registering her vehicles which she had previously done without any issues prior to pursuing the Association's violations with the Florida Commission on Human Relations.

## COUNT I
## FAIR HOUSING ACT VIOLATIONS
## PURSUANT TO 42 U.S.C. § 3604(f)(2), (3)(B)

34. Plaintiff repeats and realleges the preceding paragraphs 1 through 32 as if fully rewritten herein.

35. By the actions referred to in the preceding paragraphs, Defendant has refused to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B).

36. The Plaintiff is an "aggrieved person" as defined in 42 U.S.C. § 3602(i) and has suffered injuries as a result of Defendant's actions.

37. Defendant's discriminatory actions were intentional, willful, and taken in disregard of the rights of Plaintiff.

38. Defendant's failure to modify its existing policies and practices to accommodate the disabilities of Plaintiff is discriminatory and unlawful.

39. Such actions by Defendants were in total and reckless disregard of Plaintiff's rights and indifferent to Plaintiff's disability and needs.

40. Further, as a direct and proximate result of Defendant's discrimination, Plaintiff has

suffered irreparable loss and injury including, but not limited to actual damages, humiliation, emotional distress, and imminent threat of the deprivation of the right to equal use and enjoyment of her home regardless of disability.

**COUNT II**
**PURSUANT TO FLA. STAT. § 760.23(8) and (9)(b)**

41. Plaintiff repeats and realleges the preceding paragraphs 1 through 32 as if fully rewritten herein.

42. Pursuant to Fla. Stat. § 760.23(8) and (9)(b), it is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a disability of a person residing in or intending to reside in that dwelling after it is sold, rented, or made available; discrimination includes:(a)   A refusal to permit, at the expense of the person with a disability, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises; or a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

43. As acknowledged by the Commission, the most recent act denial prior to the Commission's investigation occurred on March 18, 2021; the property is located at 20013 Chalkleaf Ct., Port Charlotte, FL 33952; and the property in question is not exempt under applicable statutes.

44. Upon investigation of the Complaint filed by Plaintiff with the Florida Commission on Human Relations, the Commission finds that there is reasonable cause to believe that a discriminatory housing practice occurred in violation of Sections 760.23(8) and (9)(b), Florida Statutes.

45. Moreover, the Commission stated that the pursuant to the Fair Housing Act, the Plaintiff may file a civil action in an appropriate court.  According to Section 760.35(1), Florida Statutes, such a civil action shall be commenced no later than two years after an alleged discriminatory housing practice has occurred.

46. Plaintiff renewed her request for the reasonable accommodation after the Commission's ruling on July 26, 2022 and was again denied her request for the reasonable accommodation on September 26, 2022.

47. The continued denial is an ongoing discriminatory practice that continues to this date.

48. Wherefore, Plaintiff requests this Court enter an order prohibiting the practice and providing affirmative relief from the effects of the practice, including injunctive and other equitable relief, actual and punitive damages, and reasonable attorney fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States requests that this Court:

    1.    Determine and declare that the discriminatory housing practices of Defendant illegal as set forth above violate the Fair Housing Act;

    2.    Determine and declare that the discriminatory housing practices of Defendant illegal as set forth above violate Fla. Stat. § 760.23(8) and (9)(b); and

3.  Enjoin and restrain Defendant, their officers, employees, agents, successors, and all other persons or corporations in active concert or participation with them, from further violations of the Act, including from refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations are necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B);

4.  Order Defendant to take such actions as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of their unlawful conduct, including implementing policies and procedures to ensure that no applicants or residents are discriminated against because of disability; and

5.  Award monetary damages, attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1).

Dated:  April 24, 2023

*Respectfully submitted,*

/s/ *Jessica L. Kerr, Esq.*
Jessica L. Kerr, Esquire
*Counsel for Plaintiff*
Florida Bar no. 92810
**THE ADVOCACY GROUP**
111 NE 1st Street, 8th Floor #8517
Miami, FL 33132
Telephone: (954) 282-1858
Email: service@advocacypa.com
Email: jkerr@advocacypa.com

## **JURY DEMAND**

Plaintiff Carol Sobtrower hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/ *Jessica L. Kerr, Esq.*
Jessica L. Kerr, Esquire
Florida Bar no. 92810

Dated: April 5, 2023.

Respectfully submitted,

*By:* /s/ *Jessica Kerr*
Jessica L. Kerr
Fla. Bar No. 92810
**The Advocacy Group**
111 NE 1st St., 8th Floor #8517
Telephone: (954) 282-1858
Service Email: service@advocacypa.com
Primary Email: jkerr@advocacypa.com