

# State of Florida
## Florida Commission on Human Relations

An Equal Opportunity Employer • Affirmative Action Employer
4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX: (850) 487-1007
http://fchr.state.fl.us
*United in One Goal: Equal Opportunity and Mutual Respect*

**Ron DeSantis**
*Governor*



**Darrick McGhee**
*Chair*
**Cheyanne Costilla**
*Executive Director*

**FCHR No.:** 202128859
**HUD No.:** 04-21-6231-8

**CERTIFIED MAIL RECEIPT 7020 1290 0000 3802 4543**
**CERTIFIED MAIL RECEIPT 9171 9690 0935 0287 3919 35**

Carol Sobrower                                                                 **COMPLAINANT**
20013 Chalkleaf Ct.
Port Charlotte, FL 33952

v.

Oak Hollow Property Owners' Ass'n, Inc.                                        **RESPONDENT**
c/o Michael Harper
490 Sawgrass Corporate Parkway, Suite 300
Sunrise, FL 33325

## NOTICE OF DETERMINATION (MIXED FINDINGS)

PLEASE TAKE NOTICE that the Florida Commission on Human Relations (Commission) has completed its investigation of this complaint and issues this notice of determination.

*Cause Determination*

The Commission finds that there is ***reasonable cause*** to believe that a discriminatory housing practice has occurred with regard to the allegation of failure to grant a reasonable accommodation.  Please be advised that the following remedies and choices of forum are available for those allegations in which the Commission found there was ***reasonable cause*** to believe that a discriminatory practice occurred:

1.     The complainant may request the Attorney General  bring a court action in the name of the state on their behalf to enforce the provisions of the Fair Housing Act.  In order to make this request, the complainant should complete the blank Election of Rights Form for Housing Discrimination Complaints which has been provided along with this notice.  The complainant may choose this option by marking box number one on the form and returning it to the Commission.  This election must be made within 20 days after the complainant's receipt of this notice.

**COMMISSIONERS**

| **Monica Cepero** | **Libby Farmer** | **Mario Garza** | **Dawn Hanson** |
|---|---|---|---|
| *Fort Lauderdale* | *Tallahassee* | *Lakewood Ranch* | *Tallahassee* |
| **Larry Hart** | **Darrick McGhee,** Chair | **Kenyetta Mullins Moyé** | **Vivian Myrtetus** |
| *Fort Myers* | *Tallahassee* | *Tallahassee* | *Miami* |
| **Pamela Payne** | **Jay Pichard** | **Angela Primiano,** Vice Chair | |
| *Jacksonville* | *Tallahassee* | *Hollywood* | |

2.      The complainant may request that the Commission petition for an administrative hearing in the name of the state on their behalf to enforce the provisions of the Fair Housing Act.  In order to make this request, the complainanant should complete the blank Election of Rights Form for Housing Discrimination Complaints which  has been provided along with this notice.  The complainant may choose this option by marking box number two on the form and returning it to the Commission.  This election must be made within 30 days after the complainant's receipt of this notice.

3.      The complainant may file a civil action without government assistance in an appropriate federal district court or state court within two years after the occurrence or termination of the alleged discriminatory housing practice.  If filing in federal court under federal law, the computation of this two-year period excludes any time during which the matter is pending for administrative relief with respect to a complaint or charge, based on the alleged discriminatory housing practice.  The time period includes the time during which an action arising from a breach of a conciliation agreement is pending.  The complainant should complete the blank Election of Rights Form for Housing Discrimination Complaints which has been provided along with this notice.  The complainant may choose this option by marking box number three on the form and returning it to the Commission.

*No Cause Determination*

Further, the Commission finds that there is ***no reasonable cause*** to believe that a discriminatory housing practice has occurred with regard to the allegation of discriminatory terms, conditions, privileges, or services and facilities.  Please be advised that the following remedies and choices of forum are available for those allegations in which the Commission found there was ***no reasonable cause*** to believe that a discriminatory practice occurred:

1.      The complainant may request that a formal administrative proceeding be conducted without government assistance with the Division of Administrative Hearings.  The request (i.e., Petition for Relief) must be filed with the FCHR within 30 days of the date of service of this Notice and should be in compliance with the provisions of rule 60Y-8.001 and Chapter 60Y-4, Florida Administrative Code, entitled General Procedures. A blank Petition for Relief form is enclosed.  If electing to file a Petition for Relief, it may be beneficial to seek legal counsel prior to filing the Petition.

2.      The complainant retains the right to seek additional judicial relief without governmental assistance.  The civil action must be filed in an appropriate federal district court or state court within two years after the occurrence or termination of the alleged discriminatory housing practice.  If filing in federal court under federal law, the computation of this two-year period excludes any time during which the matter is pending for administrative relief with respect to a complaint or charge, based on the alleged discriminatory housing practice.  The time period includes the time during which an action arising from a breach of a conciliation agreement is pending.  It may be beneficial to seek legal counsel.

Failure to timely file a Petition for Relief will result in dismissal of the complaint within the purview of Rule 60Y-2.004 (2) (g), Florida Administrative Code.

The Final Investigative Report on this case is available by writing to the Florida Commission on Human Relations, 4075 Esplanade Way, Room 110, Tallahassee, FL 32399.

FOR THE FLORIDA COMMISSION ON HUMAN RELATIONS:

_____*Cheyanne Costilla*_____          DATED: *July 26, 2022*
Executive Director

CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that a copy of the foregoing NOTICE OF DETERMINATION (MIXED FINDINGS) was filed at Tallahassee, Florida and served upon the above-named addresses this _26th___ day of __July_____, 2022, by U.S. Mail.

By: ____*Tammy Barton*_____
Clerk of the Commission/AM



**State of Florida**
**Florida Commission on Human Relations**
*An Equal Opportunity Employer • Affirmative Action Employer*
4075 Esplanade Way • Room 110 • Tallahassee, Florida 32399-7020
(850) 488-7082 / FAX : (850) 487-1007
http://fchr.state.fl.us
United in One Goal: Equal Opportunity and Mutual Respect

Ron DeSantis
*Governor*

Darrick McGhee
*Chair*
Cheyanne Costilla
*Executive Director*

**FCHR No.:** 202128859
**HUD No.:** 04-21-6231-8

Carol Sobrower  **COMPLAINANT**

v.

Oak Hollow Property Owners' Ass'n, Inc.  **RESPONDENT**

## DETERMINATION (CAUSE/NO CAUSE)

### I. Jurisdiction

A complaint was filed with the Florida Commission on Human Relations on April 9, 2021, alleging that the complainant(s) was injured by a discriminatory act. It is alleged that the respondent(s) was responsible for: discriminatory terms, conditions, privileges, or services and facilities and failure to make a reasonable accommodation. It is alleged that the acts committed by respondent(s) were based on disability. The most recent act is alleged to have occurred on March 18, 2021. The property is located at 20013 Chalkleaf Ct., Port Charlotte, FL 33952. The property in question is not exempt under applicable statutes. If proven, the allegation(s) would constitute a violation of the Florida Fair Housing Act—specifically, Sections 760.23(2) and 760.23(8) and (9)(b), Florida Statutes.

The respondent(s) receives no federal funding.

### II. Allegations by Complainant

Complainant Carol Sobrower possesses a physical disability as defined by the Fair Housing Act. As such, the Complainant belongs to a class of person whom the Fair Housing Act ("the Act") protects from unlawful discrimination by virtue of disability. Complainant owns a single-family home located at 20013 Chalkleaf Ct., Port Charlotte, FL 33952, which is under the rules and regulations of Respondent Oak Hollow Property Owners' Association, Inc.

The complainant alleged that her mobility is limited by her physical disability, and as such, needs to have a fence installed on her property. The complainant alleged that she has submitted

**COMMISSIONERS**

| **Monica Cepero** | **Libby Farmer** | **Mario Garza** | **Dawn Hanson** |
| *Fort Lauderdale* | *Tallahassee* | *Lakewood Ranch* | *Tallahassee* |
| **Larry Hart** | **Darrick McGhee** *Chair* | **Kenyetta Mullins Moyé** | **Vivian Myrtetus** |
| *Fort Myers* | *Tallahassee* | *Tallahassee* | *Miami* |
| **Pamela Payne** | **Jay Pichard** | **Angela Primiano** *Vice Chair* | |
| *Jacksonville* | *Tallahassee* | *Hollywood* | |

multiple requests to the Respondent and provided a doctor's letter as supporting evidence of her need for the accommodation. The complainant alleged that on March 18, 2021, the Respondent subsequently denied her request, stating they would send it to their attorney for review. As such, Complainant believes that the Respondent has subjected her to discriminatory terms and conditions based on her disability.

### III. Summary of Defenses by Respondent(s)

The Respondents deny any discrimination towards Complainant because of disability. The Respondents believe that a reasonable accommodation would be a restraint accomplished by a wireless electric fence with a shock collar or a dog tie out cable and stake to permit the dog to have access to the residence back yard with minimum violation of the governing documents and the rights of the other 452 resident's owners of the association. The Respondents states that it takes 230 member votes to amend the Declaration. The Respondents state that the properties are small and allowing a dog to run invites excessive barking when people are walking on the street in front of the house. Respondents state that the dog in question is not a service animal and that the dog can be held by someone sitting on a chair on a leash however long in the backyard.

### IV. Findings and Conclusions

**760.23(2) Services or Facilities**

In order to conclude there is reasonable cause to believe a violation of Section 760.23(2), Florida Statutes, has occurred, all the elements of the case must be met.

First, the investigation of this case must show that Complainant belongs to a class of persons whom the Florida Fair Housing Act protects from unlawful discrimination because of race, color, national origin, sex, disability, familial status, or religion.

Second, Complainant must have been qualified, ready, willing, and able to receive the services or use facilities consistent with the terms, policies, and procedures of Respondent.

Third, Complainant must have requested services or use of facilities, or attempted to use facilities consistent with the terms and conditions, policies, and procedures established by Respondent for all persons who were qualified or eligible for services or use of facilities.

Fourth, Respondent, with knowledge of Complainant's protected class, must have willfully failed or refused to provide services to Complainant or permit use of the facilities under the same terms and conditions that were applicable to all persons who were qualified or eligible for services or use of the facilities.

**Regarding the elements of this case, the investigation revealed the following:**

Complainant sent in medical certification to the Commission on 7/21/21 from Doctor Alan Lifton. This letter proved Complainant's disability and therefore she is protected under the Fair Housing Act under disability. Complainant owns a home located in a community under the control of Respondents. As a resident of the community, Complainant was qualified to receive services or

use the facilities consistent with the terms, policies, and procedures of Respondent. The investigation revealed that the Complainant requested that she be allowed to put a fence up in her backyard as a reasonable accommodation for her disability. The Respondents do allow fences to be put up, but only if the resident backyard is near water or a major highway, which Complainant's backyard is not. Section 8 of the rule states:

> Fences may only be erected on lots that border canals and other bodies of water and lots that border four lane roadways such as Veterans Boulevard. No fence may be erected without the approval of the Environmental Committee. The Oak Hollow Board of Directors discourages the use of fences due to the extremely small size of the lots. The Environmental Committee has the authority to restrict the type of fence to be erected. The maximum height allow will be thirty-six Inches, except that the Environmental Committee may allow fences up to forty-eight inches under the appropriate circumstances as determined by the Environmental Committee. No approved fence may be erected without the appropriate County permit.

However, the investigation determined that the Respondents did not allow individuals not in the same protective class as Complainant build a fence that was not near a canal or highway. In an interview with both Complainant and Respondents they stated that everyone that had a fence did so following the community rules.

**Therefore, based on the foregoing, the Commission finds that there is not reasonable cause to believe that a discriminatory housing practice occurred in violation of Section 760.23(2), Florida Statutes.**

**760.23(8) and (9)(b) Failure to grant Reasonable Accommodations**

In order to conclude there is reasonable cause to believe a violation of Sections 760.23(8) and (9)(b), Florida Statutes, has occurred, all the elements of the case must be met.  First, the investigation of this case must show that Complainant possesses or demonstrates a physical or mental impairment that qualifies Complainant as a disabled (handicapped) person within the meaning of the Florida Fair Housing Act, and therefore establishes that Complainant belongs to a class of persons whom the law protects from unlawful discrimination, and that Respondent must have known or should have known that Complainant was a disabled person within the meaning of the law.  Second, Complainant must have specifically requested, either in writing or verbally, that Respondent make one or more reasonable accommodations in the rules, policies, practices, procedures, or services.  Third, the requested accommodation must have been necessary to afford Complainant an equal opportunity to use and enjoy the premises, and Respondent must have known or should have known that the requested accommodation was necessary to Complainant.  Finally, Respondent must have denied or unreasonably delayed Complainant's request for reasonable accommodation.

**Regarding the elements of this case, the investigation revealed the following:**

1. Does Complainant possess or demonstrate any physical or mental impairment that qualifies Complainant as a disabled (handicapped) person within the meaning of the Florida Fair Housing

Act, and therefore establishes that Complainant belongs to a class of persons whom the law protects from unlawful discrimination, and did Respondent know or should Respondent have known that Complainant was a disabled person within the meaning of the Act?

Yes. Complainant submitted a letter dated 7/21/21 and 2/24/21 from Alan Lifton, M.D. verifying Complainant, Carol Sobrower, is disabled and therefore a member of a protected class by virtue of disability. Therefore, Complainant belongs to a protected class of persons whom the Fair Housing Act ("the Act") protects from unlawful discrimination.

Respondents knew about the disability as they saw the same medical letters signed by Dr. Lifton.

2. Did Complainant specifically request, either in writing or verbally, that Respondent make one or more reasonable accommodations in the rules, policies, practices, procedures, or services?

Yes, Complainant requested that she be allowed to put a fence up in her backyard as the rules state that a fence can only be put up if your backyard is by water or a major highway. Section 8 of the rule states:

> Fences may only be erected on lots that border canals and other bodies of water and lots that border four lane roadways such as Veterans Boulevard. No fence may be erected without the approval of the Environmental Committee. The Oak Hollow Board of Directors discourages the use of fences due to the extremely small size of the lots. The Environmental Committee has the authority to restrict the type of fence to be erected. The maximum height allow will be thirty-six Inches, except that the Environmental Committee may allow fences up to forty-eight inches under the appropriate circumstances as determined by the Environmental Committee. No approved fence may be erected without the appropriate County permit.

3. Was the requested accommodation necessary to afford Complainant an equal opportunity to use and enjoy the premises, and did Respondent know or should Respondent have known that the accommodation was necessary?

Yes. Complainant submitted letters dated 7/21/21 and 2/24/21 from Alan Lifton, M.D verifying the need for the requested accommodation. Respondents knew about it as they saw the same letters.

4. Did Respondent deny or unreasonably delay Complainant's request for a reasonable accommodation?

Yes, in an interview with the Respondents it was stated that the fence was deny because it went against the rules. The Respondent stated that she did see the medical certification, but it still broke the rules on where a fence can be put up in the community. In an interview with both Complainant and Respondents they stated that the request was verbally denied.

**Therefore, based on the foregoing, the Commission finds that there is reasonable cause to believe that a discriminatory housing practice occurred in violation of Sections 760.23(8) and (9)(b), Florida Statutes.**

## V. Additional Information

Notwithstanding this determination, the Florida Fair Housing Act provides that the complainant may file a civil action in an appropriate court.  According to Section 760.35(1), Florida Statutes, such a civil action shall be commenced no later than two years after an alleged discriminatory housing practice has occurred.

Under the Florida Public Records Act, this determination is a public document.  A copy of the final investigative report can be obtained from:

FLORIDA COMMISSION ON HUMAN RELATIONS
4075 ESPLANADE WAY, ROOM 110
TALLAHASSEE, FLORIDA 32399

**FOR THE FLORIDA COMMISSION ON HUMAN RELATIONS**

_[signature]_                                                        July 26, 2022
Executive Director                                              Date